OTTINGER, ATTORNEY GENERAL OF NEW YORK, v. BROOKLYN UNION GAS COMPANY.

OTTINGER, ATTORNEY GENERAL OF NEW YORK, v. KINGS COUNTY LIGHTING COMPANY.

APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK.

Nos. 358, 365.  Argued October 18, 19, 1926.—Decided November 29, 1926.

An Act of New York, c. 899, (1923), prescribing a gas rate of one dollar per thousand feet, *held* confiscatory.  P. 581.

7 F. (2d) 192; *Id.* 628, modified and affirmed.

APPEALS from decrees of the District Court enjoining enforcement of a New York rate-fixing statute, in suits by the Brooklyn Union Gas Company and the Kings County Lighting Company against the Attorney General of the State and the New York Public Service Commission.

*Mr. John Holley Clark, Jr.,* with whom *Messrs. Albert Ottinger,* Attorney General of New York, *William Hayward, Charles E. Buchner,* and *Anthony P. Ludden* were on the briefs, for appellant.

*Mr. William N. Dykman,* with whom *Mr. Jackson A. Dykman* was on the brief, for the Brooklyn Union Gas Co.

*Mr. Samuel F. Moran,* with whom *Mr. John D. Monroe* was on the brief, for the Kings County Lighting Co.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

Separate suits were begun by appellees in the United States District Court, Eastern District of New York, against the Public Service Commission and the Attorney General of that State. They sought injunctions against enforcement of the Act of June 2, 1923, c. 899, Laws of New York 1923, by which the Legislature directed that gas of six hundred and fifty British thermal units should be sold at not more than one dollar per thousand feet. Prior to June 2, 1923, under orders of the Commission, the Brooklyn Union Gas Company had been charging one dollar and fifteen cents and the Kings County Lighting Company one dollar and thirty cents per thousand feet for gas of five hundred and thirty-seven British thermal units.

The causes were referred to different masters. They took much evidence, and each reported that the rate pre scribed by the Legislature would yield less than five pe centum upon the fair value of the complainants' property devoted to public use. With some exceptions, not now

important, these reports were approved and the court
adjudged the statute confiscatory and therefore invalid.
Also, that it was unreasonable and invalid in respect of
the standard of six hundred and fifty British thermal
units.   7 Fed. (2d) 192, 628.

The Commission declined to ask for an appeal to this
court.   The Attorney General, upon petitions which al-
lege " that in substance the decree restrains the defend-
ants from enforcing in any way Chapter 899 of the Laws
of 1923 of the State of New York and declares that said
statute violates or is in contravention of Section 10 of
Article I and of the Fourteenth Amendment of the Con-
stitution of the United States," sued out broad appeals
and has presented many assignments of error—one hun-
dred and seven in No. 358, and twenty-one in No. 365.
But we find no reason whatever advanced by him in
brief or oral argument which would justify reversal of
either decree.

The statute was clearly confiscatory in effect and there
was no necessity for the District Court to consider any
other objection thereto.   We have not done so.

The decrees will be modified by excluding therefrom
such parts as adjudge the statute invalid for any reason
except conflict with the Fourteenth Amendment because
confiscatory in effect.   Thus modified, both are affirmed.
All costs will be taxed against appellant.

*Affirmed as modified.*

Mr. Justice Brandeis concurs in the result.